UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO REGIONAL COUNCIL OF )
CARPENTERS PENSION FUND and its Trustees )
RICHARD A. BAGGIO, ROGER A. MONACO, )  FILED:   APRIL 29, 2008
PAUL R. HELLERMANN, JEFFREY ISAACSON, )  08CV2448                LCW
BENJAMIN JOHNSTON, J. DAVID PEPPER, )    JUDGE GETTLEMAN
ROBERT QUANSTROM, MICHAEL J. SEXTON )    MAGISTRATE JUDGE: MASON
and MARTIN C. UMLAUF; CHICAGO REGIONAL )
COUNCIL OF CARPENTERS WELFARE FUND )
and its Trustees RICHARD A. BAGGIO, ROGER A. )
MONACO, PAUL R. HELLERMANN, JEFFREY )
ISAACSON, BENJAMIN JOHNSTON, FRANK )
LIBBY, J. DAVID PEPPER, ROBERT )
QUANSTROM, THOMAS S. RAKOW, MICHAEL )
J. SEXTON and MARTIN C. UMLAUF; CHICAGO )
AND NORTHEAST ILLINOIS REGIONAL )
COUNCIL OF CARPENTERS APPRENTICE AND )
TRAINING PROGRAM and its Trustees RICHARD )
A. BAGGIO, TODD H. HARRIS, JEFFREY )
ISAACSON, KEITH JUTKINS, ALBERT L. )
LEITSCHUH, RANDY R. MEYER, BRUCE A. )
NELSON, J. DAVID PEPPER, JAMES A. SIKICH )
and MARTIN C. UMLAUF; and )
LABOR/MANAGEMENT UNION CARPENTRY )
COOPERATION PROMOTION FUND and its )
Trustees RICHARD A. BAGGIO, KENNETH )
BORG, JOSEPH FELDNER, J. DAVID PEPPER, )
and MARTIN C. UMLAUF, )
                                                        )
                    Plaintiffs, )
    v.                                              )
                                                        )
BURLING BUILDERS, INC., an Illinois corporation, )
                                                        )
                    Defendant. )

## COMPLAINT

Plaintiffs, the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND

("PENSION FUND"), the CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE

FUND ("WELFARE FUND"), the CHICAGO AND NORTHEAST ILLINOIS REGIONAL

COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM ("TRAINEE FUND"), and the LABOR/MANAGEMENT UNION CARPENTRY COOPERATION PROMOTION FUND ("LABOR/MANAGEMENT FUND) and their respective trustees (hereinafter, collectively the "Trust Funds"), by their attorney, Kevin P. McJessy, complain of Defendant BURLING BUILDERS, INC., ("Defendant") as follows.

## SUMMARY OF THIS ACTION

The Trust Funds bring this action against the Defendant under ERISA because the Defendant has failed to pay amounts owed to the Trust Funds pursuant to the Area Agreements and the Trust Agreements. The Trust Funds seek all contributions found owing, interest and liquidated damages, auditors' fees and attorneys' fees and costs.

## JURISDICTION

1. This Court has jurisdiction over this matter based on questions arising under § 502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and § 301 of the Taft-Hartley Act. (29 U.S.C. §§ 1132 and 185).

## VENUE

2. Venue is proper in this District because the Trust Funds are multi-employer employee benefit plans, which are located in and administered in Chicago, Illinois.

## THE PARTIES

3. **The Trust Funds.** The Trust Funds receive contributions from numerous employers pursuant to Area Agreements ("Area Agreements") between the employers and the Chicago and Northeast Illinois Regional Council of Carpenters, successor of the Chicago District Council of Carpenters, (hereinafter referred to as the "Union"), and therefore, are multi-employer

2

plans. (29 U.S.C. § 1002). The Trust Funds provide medical, pension, training and other benefits to Union carpenters and other persons pursuant to certain terms and conditions.

4. **Defendant.** Defendant is an Illinois corporation and employer engaged in an industry affecting commerce which entered into a Memorandum of Agreement ("Agreement") effective November 20, 2002. A true and correct copy of the Agreement is attached hereto as Exhibit A.

## GENERAL ALLEGATIONS

5. The Agreement provides that Defendant agreed to be bound by the then current Area Agreement and all subsequent Area Agreements.

6. The Agreement and the Collective Bargaining Agreement bind the Defendant to the provisions of the <u>Trust Agreement</u> ("Pension Trust Agreement") which establishes the Pension Fund, to the provisions of the <u>Trust Agreement of the Chicago Regional Council of the United Brotherhood of Carpenters and Joiners of American and Builders Association of Chicago</u> ("Welfare Trust Agreement") which establishes the Welfare Fund, to the provisions of the <u>Chicago Regional Council of Carpenters Apprentice and Trainee Program Trust Agreement</u> ("Trainee Trust Agreement") which establishes the Trainee Fund, and to the Agreement and <u>Declaration of Trust Establishing the Labor/Management Union Carpentry Cooperation Promotion Fund</u> ("Labor/Management Fund Trust Agreement"). Each of these trust agreements are hereinafter collectively referred to as the "Trust Agreements." The Agreement, Trust Agreements and Collective Bargaining Agreement require Defendant to pay fringe benefits to the Trust Funds.

7. The Agreement, Trust Agreements and Collective Bargaining Agreement require Defendant to pay fringe benefit contributions to the Trust Funds, in part, as follows:

3

12.11 The EMPLOYER shall make contributions on behalf of each of its Employees employed by EMPLOYER in a management or supervisory position who is also engaged in work of a character falling within the jurisdiction covered by this Collective Bargaining Agreement in an amount of no less than one hundred and sixty (160) hours per month. Each such EMPLOYER shall execute a Participation Agreement with the Trustees of the Chicago District Council of Carpenters Welfare Fund, upon the request of such Trustees, for such greater or lesser amounts of hours as the Trustees may deem appropriate.

13.9 The EMPLOYER shall make contributions on behalf of each of its Employees employed by EMPLOYER in a management or supervisory position who is also engaged in work of a character falling within the jurisdiction covered by this Collective Bargaining Agreement in an amount of no less than one hundred and sixty (160) hours per month. Each such EMPLOYER shall execute a Participation Agreement with the Trustees of the Chicago District Council of Carpenters Pension Fund, upon the request of such Trustees, for such greater or lesser amounts of hours as the Trustees may deem appropriate.

14.9 The EMPLOYER shall make contributions on behalf of each of its Employees employed by EMPLOYER in a management or supervisory position who is also engaged in work of a character falling within the jurisdiction covered by this Collective Bargaining Agreement in an amount of no less than one hundred and sixty (160) hours per month. Each such EMPLOYER shall execute a Participation Agreement with the Trustees of the Chicago and Northeast Illinois District Council of Carpenters Apprenticeship and Trainee Program, upon the request of such Trustees, for such greater or lesser amounts of hours as the Trustees may deem appropriate.

8. Defendant failed to make contributions owed for work performed by Glen Randles as required by the Collective Bargaining Agreement and Trust Agreements.

9. Glen Randles was employed by Defendant in a management or supervisory position. Glen Randles also performed work of a character falling within the jurisdiction of the Collective Bargaining Agreement, including layout work and using tools and instruments incidental to the trade for layout work.

10. Defendant did not pay contributions on behalf of Glen Randles at a rate of no less than 160 hours per month.

## **COUNT I**

11. The Pension Fund hereby incorporates paragraphs 1-10 above as though fully set forth herein.

12. Defendant breached the provisions of the Area Agreements and the Trust Agreements by failing to pay amounts owed to the Pension Fund.

13. The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Pension Fund incurs in the collection process.

14. The Pension Fund has complied with all conditions precedent in bringing this suit.

15. The Pension Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Pension Fund.

16. Defendant must pay attorneys' fees and court costs that the Pension Fund incurs in this matter pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D).

17. This Court should award the Pension Fund, pursuant to 29 U.S.C. § 1132(g)(2)(B), interest on the amount that is due.

18. This Court should award the Pension Fund, pursuant to 29 U.S.C. § 1132(g)(2)(C), an amount equal to the greater of:

   (a)   interest on any unpaid contributions; or

   (b)   liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Pension Fund prays for judgment in their favor which orders Defendant:

   A.   to pay any and all amounts the Defendant owes the Pension Fund on behalf of Glen Randles;

   B.   to pay interest on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(B);

C. to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(C), whichever is greater;

D. to pay the reasonable attorneys' fees and costs the Pension Fund incurred in this action pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D); and

E. to award the Pension Fund such other and further relief as the Court deems just and equitable.

## COUNT II

19. The Welfare Fund hereby incorporates paragraphs 1 - 10 above as though fully set forth herein.

20. Defendant breached the provisions of the Area Agreements and the Trust Agreements by failing to pay amounts owed to the Welfare Fund.

21. The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Welfare Fund incurs in the collection process.

22. The Welfare Fund has complied with all conditions precedent in bringing this suit.

23. The Welfare Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Welfare Fund.

24. Defendant must pay attorneys' fees and court costs that the Welfare Fund incurs in this matter pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D).

25. This Court should award the Welfare Fund, pursuant to 29 U.S.C. § 1132(g)(2)(B), interest on the amount due.

26. This Court should award the Welfare Fund, pursuant to 29 U.S.C. § 1132(g)(2)(C), an amount equal to the greater of:

(a) interest on any unpaid contributions; or

6

(b)     liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Welfare Fund prays for judgment in their favor which orders Defendant:

A.     to pay any and all amounts the Defendant owes to the Welfare Fund on behalf of Glen Randles;

B.     to pay interest on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(B);

C.     to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(C), whichever is greater;

D.     to pay the reasonable attorneys' fees and costs the Welfare Fund incurred in this action pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D); and

E.     to award the Welfare Fund such other and further relief as the Court deems just and equitable.

### COUNT III

27.     The Trainee Fund hereby incorporates paragraphs 1 - 10 above as though fully set forth herein.

28.     Defendant breached the provisions of the Area Agreements and the Trust Agreements by failing to pay amounts owed to the Trainee Fund.

29.     The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Trainee Fund incurs in the collection process.

30.     The Trainee Fund has complied with all conditions precedent in bringing this suit.

31.     The Trainee Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Trainee Fund.

32.     Defendant must pay attorneys' fees and court costs that the Trainee Fund incurs in this matter pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D).

33. This Court should award the Trainee Fund, pursuant to 29 U.S.C. § 1132(g)(2)(B), interest on the amount due.

34. This Court should award the Trainee Fund, pursuant to 29 U.S.C. § 1132(g)(2)(C), an amount equal to the greater of:

    (a)    interest on any unpaid contributions; or

    (b)    liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Trainee Fund prays for judgment in their favor which orders Defendant:

    A.    to pay any and all amounts the Defendant owes to the Trainee Fund on behalf of Glen Randles;

    B.    to pay interest on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(B);

    C.    to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(C), whichever is greater;

    D.    to pay the reasonable attorneys' fees and costs the Trainee Fund incurred in this action pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D); and

    E.    to award the Trainee Fund such other and further relief as the Court deems just and equitable.

## **COUNT IV**

35. The Labor/Management Fund hereby incorporates paragraphs 1 - 10 above as though fully set forth herein.

36. Defendant breached the provisions of the Area Agreements and the Trust Agreements by failing to pay amounts owed to the Labor Management Fund.

37. The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Labor/Management Fund incurs in the collection process.

8

38. The Labor/Management Fund has complied with all conditions precedent in bringing this suit.

39. The Labor/Management Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Labor/Management Fund.

40. Defendant must pay attorneys' fees and court costs that the Labor/Management Fund incurs in this matter pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D).

41. This Court should award the Labor/Management Fund, pursuant to 29 U.S.C. § 1132(g)(2)(B), interest on the amount due.

42. This Court should award the Labor/Management Fund, pursuant to 29 U.S.C. § 1132(g)(2)(C), an amount equal to the greater of:

   (a)  interest on any unpaid contributions; or

   (b)  liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Labor/Management Fund prays for judgment in their favor which orders Defendant:

   A. to pay any and all amounts the Defendant owes to the Labor/Management Fund on behalf of Glen Randles;

   B. to pay interest on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(B);

   C. to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(C), whichever is greater;

   D. to pay the reasonable attorneys' fees and costs the Labor/Management Fund incurred in this action pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D); and

   E. to award the Labor/Management Fund such other and further relief as the Court deems just and equitable.

CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND *et al.*


By:   s/ Kevin P. McJessy
       One of their attorneys

Kevin P. McJessy
McJessy, Ching & Thompson, LLC
3759 North Ravenswood, Suite 231
Chicago, Illinois 60613
(773) 880-1260
(773) 880-1265 (facsimile)
mcjessy@mcandt.com

# EXHIBIT A

# MEMORANDUM OF AGREEMENT

Firm  Burling Builders, Inc.                    Address   2850 S. Wabash, Suite 202

City  Chicago            State  IL      Zip  60616     Phone  312-224-4300

THIS AGREEMENT is entered into between the CHICAGO AND NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS, COOK, DUPAGE, GRUNDY, IROQUOIS, KANE, KANKAKEE, KENDALL, LAKE, MCHENRY and WILL COUNTIES, ILLINOIS, hereinafter referred to as the "UNION' and

**Burling Builders, Inc.**

its successors and assigns, hereinafter referred to as the "EMPLOYER".

This Agreement is made in consideration of the instant promises of the UNION and the EMPLOYER and the parties do hereby agree as follows:

1.  The EMPLOYER recognizes the UNION as the sole and exclusive bargaining agent for and on behalf of the Employees of the EMPLOYER within the territorial and occupational jurisdiction of the UNION. Prior to recognition, the EMPLOYER has reviewed valid evidence and agrees that the UNION is the exclusive designated Bargaining Representative of a majority of the appropriate bargaining unit employees of the EMPLOYER.

2.  The EMPLOYER and the UNION, hereby incorporate by reference and agree to be bound by the Area Agreements in effect on the date this document is executed through their respective expiration dates. Those Agreements include, but are not limited to, the following:

the Area Agreement negotiated between the UNION and the Mid-America Regional Bargaining Association (M.A.R.B.A.), the Agreement negotiated between the UNION and the Residential Construction Employers Council (R.C.E.C.) covering Cook, Lake and DuPage Counties, the Agreement negotiated between the Union and the Contractors Association of Will and Grundy Counties covering Grundy County, the Agreement negotiated between the Union and the Contractors Association of Will and Grundy Counties covering Will County, the Agreement negotiated between the Union and the Residential Construction Employers Council (R.C.E.C.) covering Will County, the contract negotiated between the UNION and the Kankakee and Iroquois County Contractors Association, the Agreement negotiated between the UNION and the Fox Valley Contractors Association, and the Residential Construction Employers Council (R.C.E.C.) covering Kane, Kendall and McHenry County, as well as any contracts negotiated between the UNION and other associations involved in various trades within the Union's occupational jurisdiction.

K:\Contracts\Memorandum of Agreement.doc         Page 1 of 2
Revised 5/02

3. The EMPLOYER agrees to be bound by the terms of the Trust Agreements of the Fringe Benefit Trust Funds to which contributions are required to be made under the Agreements referred to in numbered paragraph 2 hereof and all rules and regulations adopted by the Trustees thereof. The EMPLOYER further agrees to make prompt payments of the per hour contributions with respect to each Trust Fund for all Employees performing bargaining unit work and/or covered by the Agreement including nonbonded and nonsignatory subcontractors as required by the applicable provisions of each agreement.

4. This Agreement and the adoption of the Area Agreement and Declarations of Trust referred to in paragraphs two and three above, shall be effective upon the date that this document is executed and remain in full force and effect to and including the expiration date of the respective Area Agreements adopted herein. Unless the EMPLOYER gives written notice to the UNION of its desire to terminate or modify the Agreement at least three (3) calendar months prior to the expiration of such Agreements, the Agreement shall continue in full force and effect through the full term and duration of all subsequent agreements(s).

5. EMPLOYER HEREBY ACKNOWLEDGES RECEIPT OF THE AREA AGREEMENT AS WELL AS COPIES OF THE AGREEMENTS INCORPORATED BY REFERENCE THEREOF FOR ALL TEN (10) COUNTIES.

IN WITNESS WHEREOF the parties have executed this Memorandum of Agreement the __Twentieth__ day of __November__ 20 _02_

EMPLOYER: __Burling Builders, Inc.__       CHICAGO AND NORTHEAST ILLINOIS
                                                                              DISTRICT COUNCIL OF CARPENTERS

By: __John Girzadas       Vice President__
     (Print or Type Name)       (Title)

_____(Signature)_____                    _____(District Council Officer)_____

K:\Contracts\Memorandum of Agreement.doc    Page 2 of 2
Revised 5/02

## Side Letter

This Agreement is entered into this 20th day of November 2002 between the Chicago & Northeast Illinois District Council of Carpenters ("Union") and Burling Builders, Inc. ("Employer"):

All work performed at the following job sites will be exempt from the terms of the Collective Bargaining Agreement ("CBA") through March 1, 2003 provided that the employees who perform work at these sites (non-Union) are separate and distinct from the employees at all other job sites (Union) and there is no commingling of employees between Union and non-Union sites:

> 3340 North Lakewood
> 8100 South St. Lawrence (3 homes)
> 4659 South Martin Luther King Dr.

The Employer will maintain an accurate record identifying the names and social security numbers of each employee who performs work at each non-Union site including the sites where work was performed.

This provision of the Side Letter agreement will expire on March 1, 2003.

Nothing contained in this Side Letter shall alter or modify the provisions and obligations of the parties which are contained in the applicable CBA.

Chicago & Northeast Illinois
District Council of Carpenters

*[signature]*

11-20-2002
Date

Burling Builders, Inc.

*[signature]*