IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND and its Trustees RICHARD A. BAGGIO, ROGER A. MONACO, PAUL R. HELLERMANN, JEFFREY ISAACSON, BENJAMIN JOHNSTON, J. DAVID PEPPER, ROBERT QUANSTROM, MICHAEL J. SEXTON and MARTIN C. UMLAUF; CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND and its Trustees RICHARD A. BAGGIO, ROGER A. MONACO, PAUL R. HELLERMANN, JEFFREY ISAACSON, BENJAMIN JOHNSTON, FRANK LIBBY, J. DAVID PEPPER, ROBERT QUANSTROM, THOMAS S. RAKOW, MICHAEL J. SEXTON and MARTIN C. UMLAUF; CHICAGO AND NORTHEAST ILLINOIS REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINING PROGRAM and its Trustees RICHARD A. BAGGIO, TODD H. HARRIS, JEFFREY ISAACSON, KEITH JUTKINS, ALBERT L. LEITSCHUH, RANDY R. MEYER, BRUCE A. NELSON, J. DAVID PEPPER, JAMES A. SIKICH and MARTIN C. UMLAUF; and LABOR/ MANAGEMENT UNION CARPENTRY COOPERATION PROMOTION FUND and its Trustees RICHARD A. BAGGIO, KENNETH BORG, JOSEPH FELDNER, J. DAVID PEPPER, and MARTIN C. UMLAUF, <br><br>         Plaintiffs, <br><br>  v. <br><br>BURLING BUILDERS, INC., an Illinois corporation, <br><br>         Defendant. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Case No.  08 CV 2448 <br>Judge Gettleman <br>Magistrate Judge Mason |

**DEFENDANT'S ANSWER TO**
**PLAINTIFFS' COMPLAINT**

NOW COMES Defendant, Burling Builders, Inc. ("Burling" or the "Company"), by and through its attorneys, and for its Answer to Plaintiffs' Complaint, states as follows:

## JURISDICTION

**PARAGRAPH 1:**

This Court has jurisdiction over this matter based on questions arising under §502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and §301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185).

**ANSWER:**

Admitted.

## VENUE

**PARAGRAPH 2:**

Venue is proper in this District because the Trust Funds are multi-employer employee benefit plans, which are located in and administered in Chicago, Illinois.

**ANSWER:**

Admitted.

## THE PARTIES

**PARAGRAPH 3:**

**The Trust Funds**. The Trust Funds receive contributions from numerous employers pursuant to Area Agreements ("Area Agreements") between the employers and the Chicago and Northeast Illinois Regional Council of Carpenters, successor of the Chicago District Council of Carpenters (hereinafter referred to as the "Union"), and therefore, are multi-employer plans. (29 U.S.C. §1002). The Trust Funds provide medical, pension, training and other benefits to Union carpenters and other persons pursuant to certain terms and conditions.

**ANSWER:**

Admitted.

**PARAGRAPH 4:**

**Defendant**. Defendant is an Illinois corporation and employer engaged in an industry affecting commerce which entered into a Memorandum of Agreement ("Agreement") effective November 20, 2002. A true and correct copy of the Agreement is attached hereto as Exhibit A.

2

**ANSWER:**

Burling admits that it was an employer engaged in an industry affecting commerce and that it had entered into an agreement with Carpenters Union, as alleged.

## GENERAL ALLEGATIONS

**PARAGRAPH 5:**

The Agreement provides that Defendant agreed to be bound by the then current Area Agreement and all subsequent Area Agreements.

**ANSWER:**

Defendant admits that the Agreement provides that it agreed to be bound by the then current Area Agreements through their expiration dates but denies the remaining allegations of Paragraph 5.

**PARAGRAPH 6:**

The Agreement and the Collective Bargaining Agreement bind the Defendant to the provisions of the <u>Trust Agreement</u> ("Pension Trust Agreement") which establishes the Pension Fund, to the provisions of the <u>Trust Agreement of the Chicago Regional Council of the United Brotherhood of Carpenters and Joiners of American and Builders Association of Chicago</u> ("Welfare Trust Agreement") which establishes the Welfare Fund, to the provisions of the <u>Chicago Regional Council of Carpenters Apprentice and Trainee Program Trust Agreement</u> ("Trainee Trust Agreement") which establishes the Trainee Fund, and to the Agreement and <u>Declaration of Trust Establishing the Labor/Management Union Carpentry Cooperation Promotion Fund</u> ("Labor/Management Fund Trust Agreement"). Each of these trust agreements are hereinafter collectively referred to as the "Trust Agreements." The Agreement, Trust Agreements and Collective Bargaining Agreement require Defendant to pay fringe benefits to the Trust Funds.

**ANSWER:**

Admitted.

**PARAGRAPH 7:**

The Agreement, Trust Agreements and Collective Bargaining Agreement require Defendant to pay fringe benefit contributions to the Trust Funds, in part, as follows:

12.11 The EMPLOYER shall make contributions on behalf of each of its Employees employed by EMPLOYER in a management or supervisory position who is also engaged in work of a character falling within the jurisdiction covered

3

by this Collective Bargaining Agreement in an amount of no less than one hundred and sixty (160) hours per month. Each such EMPLOYER shall execute a Participation Agreement with the Trustees of the Chicago District Council of Carpenters Welfare Fund, upon the request of such Trustees, for such greater or lesser amounts of hours as the Trustees may deem appropriate.

13.9   The EMPLOYER shall make contributions on behalf of each of its Employees employed by EMPLOYER in a management or supervisory position who is also engaged in work of a character falling within the jurisdiction covered by this Collective Bargaining Agreement in an amount of no less than one hundred and sixty (160) hours per month. Each such EMPLOYER shall execute a Participation Agreement with the Trustees of the Chicago District Council of Carpenters Pension Fund, upon the request of such Trustees, for such greater or lesser amounts of hours as the Trustees may deem appropriate.

14.9   The EMPLOYER shall make contributions on behalf of each of its Employees employed by EMPLOYER in a management or supervisory position who is also engaged in work of a character falling within the jurisdiction covered by this Collective Bargaining Agreement in an amount of no less than one hundred and sixty (160) hours per month. Each such EMPLOYER shall execute a Participation Agreement with the Trustees of the Chicago and Northeast Illinois District Council of Carpenters Apprenticeship and Trainee Program upon the request of such Trustees, for such greater or lesser amounts of hours as the Trustees may deem appropriate.

**ANSWER:**

Admitted.

**PARAGRAPH 8:**

Defendant failed to make contributions owed for work performed by Glen Randles as required by the Collective Bargaining Agreement and Trust Agreements.

**ANSWER:**

Defendant admits such contributions were not made, but denies that they are required.

**PARAGRAPH 9:**

Glen Randles was employed by Defendant in a management or supervisory position. Glen Randles also performed work of a character falling within the jurisdiction of the Collective Bargaining Agreement, including layout work and using tools and instruments incidental to the trade for layout work.

4

**ANSWER:**

Defendant admits that it employed Glen Randles in the position of Superintendent. Defendant denies the remaining allegations of paragraph 9.

**PARAGRAPH 10:**

Defendant did not pay contributions on behalf of Glen Randles at a rate of no less than 160 hours per month.

**ANSWER:**

Defendant admits such contributions were not made, but denies that they are required.

## COUNT I

**PARAGRAPH 11:**

The Pension Fund hereby incorporates paragraphs 1-10 above as though full set forth herein.

**ANSWER:**

Burling hereby incorporates its Answer to paragraphs 1-10 above as though fully set forth herein.

**PARAGRAPH 12:**

Defendant breached the provisions of the Area Agreements and the Trust Agreements by failing to pay amounts owed to the Pension Fund.

**ANSWER:**

Denied.

**PARAGRAPH 13:**

The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Pension fund incurs in the collection process.

**ANSWER:**

Defendant admits that under ERISA, Plaintiffs are entitled to specified relief if entitlement is proven. Defendant denies the remaining allegations of Paragraph 13.

5

**PARAGRAPH 14:**

The Pension Fund has complied with all conditions precedent in bringing this suit.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14.

**PARAGRAPH 15:**

The Pension Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Pension Fund.

**ANSWER:**

Defendant admits that Plaintiffs must employ attorneys in order to file a lawsuit. Defendant denies the remaining allegations of Paragraph 15.

**PARAGRAPH 16:**

Defendant must pay attorneys' fees and court costs that the Pension Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) or §1132(g)(2)(D).

**ANSWER:**

Defendant admits that the statute provides for such potential relief, but denies Plaintiff is entitled to it.

**PARAGRAPH 17:**

This court should award the Pension Fund, pursuant to 29 U.S.C. §1132(g)(2)(B), interest on the amount that is due.

**ANSWER:**

Denied.

**PARAGRAPH 18:**

This Court should award the Pension Fund, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

a.  interest on any unpaid contributions; or

    b.    liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

**ANSWER:**

Denied.

By way of further answer to the Complaint, Defendant denies all allegations not admitted herein in Count I.

## COUNT II

**PARAGRAPH 19:**

The Welfare Fund hereby incorporates paragraphs 1-10 above as though fully set forth herein.

**ANSWER:**

Burling hereby incorporates its Answer to paragraphs 1-10 above as though fully set forth herein.

**PARAGRAPH 20:**

Defendant breached the provision of the Area Agreements and the Trust Agreements by failing to pay amounts owed to the Welfare Fund.

**ANSWER:**

Denied.

**PARAGRAPH 21:**

The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Welfare Fund incurs in the collection process.

**ANSWER:**

Defendant admits that under ERISA, Plaintiffs are entitled to specified relief if entitlement is proven. Defendant denies the remaining allegations of Paragraph 21.

**PARAGRAPH 22:**

The Welfare Fund has complied with all conditions precedent in bringing this suit.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22.

**PARAGRAPH 23:**

The Welfare Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Welfare Fund.

**ANSWER:**

Defendant admits that Plaintiffs must employ attorneys in order to file a lawsuit. Defendant denies the remaining allegations of Paragraph 23.

**PARAGRAPH 24:**

Defendant must pay attorneys' fees and court costs that the Welfare Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D).

**ANSWER:**

Defendant admits that the statute provides for such potential relief, but denies Plaintiff is entitled to it.

**PARAGRAPH 25:**

This Court should award the Welfare Fund, pursuant to 29 U.S.C. §1132(g)(2)(B), interest on the amount due.

**ANSWER:**

Denied.

**PARAGRAPH 26:**

This Court should award the Welfare Fund, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

a. interest on any unpaid contributions; or

    b.    liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

**ANSWER:**

Denied.

By way of further answer to the Complaint, Defendant denies all allegations not admitted herein in Count II.

## COUNT III

**PARAGRAPH 27:**

The Trainee Fund hereby incorporates paragraphs 1-10 above as though fully set forth herein.

**ANSWER:**

Burling hereby incorporates its Answer to paragraphs 1-10 above as though fully set forth herein.

**PARAGRAPH 28:**

Defendant breached the provisions of the Area Agreements and the Trust Agreements by failing to pay amounts owed to the Trainee Fund.

**ANSWER:**

Denied.

**PARAGRAPH 29:**

The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Trainee Fund incurs in the collection process.

**ANSWER:**

Defendant admits that under ERISA, Plaintiffs are entitled to specified relief if entitlement is proven. Defendant denies the remaining allegations of Paragraph 29.

9

**PARAGRAPH 30:**

The Trainee Fund has complied with all conditions precedent in bringing this suit.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30.

**PARAGRAPH 31:**

The Trainee Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Trainee Fund.

**ANSWER:**

Defendant admits that Plaintiffs must employ attorneys in order to file a lawsuit. Defendant denies the remaining allegations of Paragraph 31.

**PARAGRAPH 32:**

Defendant must pay attorneys' fees and court costs that the Trainee Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D).

**ANSWER:**

Defendant admits that the statute provides for such potential relief, but denies Plaintiff is entitled to it.

**PARAGRAPH 33:**

This Court should award the Trainee Fund, pursuant to 29 U.S.C. §1132(g)(2)(B), interest on the amount due.

**ANSWER:**

Denied.

**PARAGRAPH 34:**

This Court should award the Trainee Fund, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

a.   interest on any unpaid contributions; or

    b.    liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

**ANSWER:**

Denied.

By way of further answer to the Complaint, Defendant denies all allegations not admitted herein in Count III.

### COUNT IV

**PARAGRAPH 35:**

The Labor/Management Fund hereby incorporates paragraphs 1-10 above as though fully set forth herein.

**ANSWER:**

Burling hereby incorporates its Answer to paragraphs 1-10 above as though fully set forth herein.

**PARAGRAPH 36:**

Defendant breached the provisions of the Area Agreements and the Trust Agreements by failing to pay amounts owed to the Labor Management Fund.

**ANSWER:**

Denied.

**PARAGRAPH 37:**

The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Labor/Management Fund incurs in the collection process.

**ANSWER:**

Defendant admits that under ERISA, Plaintiffs are entitled to specified relief if entitlement is proven. Defendant denies the remaining allegations of Paragraph 37.

11

**PARAGRAPH 38:**

The Labor/Management Fund has complied with all conditions precedent in bringing this suit.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38.

**PARAGRAPH 39:**

The Labor/Management Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Labor/Management Fund.

**ANSWER:**

Defendant admits that Plaintiffs must employ attorneys in order to file a lawsuit. Defendant denies the remaining allegations of Paragraph 39.

**PARAGRAPH 40:**

Defendant must pay attorneys' fees and court costs that the Labor/Management Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D).

**ANSWER:**

Defendant admits that the statute provides for such potential relief, but denies Plaintiff is entitled to it.

**PARAGRAPH 41:**

This Court should award the Labor/Management Fund, pursuant to 29 U.S.C. §1132(g)(2)(B), interest on the amount due.

**ANSWER:**

Denied.

**PARAGRAPH 42:**

This Court should award the Labor/Management Fund, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

  a. interest on any unpaid contributions; or

12

    b.    liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

**ANSWER:**

Denied.

By way of further answer to the Complaint, Defendant denies all allegations not admitted herein in Count IV.

WHEREFORE, Defendant prays that Plaintiffs' Complaint be dismissed and it be awarded costs, attorneys' fees, and other relief the court deems fit.

Dated: June 9, 2008        BURLING BUILDERS, INC.

                By:   /s/ Lindsy A. Wilkerson
                         Lindsy A. Wilkerson

Robert H. Brown
rbrown@lanermuchin.com
Lindsy A. Wilkerson (06281337)
lwilkerson@lanermuchin.com
Laner, Muchin, Dombrow, Becker,
  Levin and Tominberg, Ltd.
515 North State Street
Suite 2800
Chicago, Illinois 60610
(312) 467-9800
(312) 467-9479 (fax)

Document ID: 476298.1  6/2/2008 12:32:29 PM

## CERTIFICATE OF SERVICE

      Lindsy A. Wilkerson, an attorney, hereby certifies that she caused Defendant's Answer to Plaintiffs' Complaint, via Electronic Filing, to be served on counsel of record for the Plaintiff, through the U.S. District Court, Northern District of Illinois e-filing system, on this 9th day of June 2008, addressed to:

                              Kevin P. McJessy
                              McJessy, Ching & Thompson, LLC
                              3759 N. Ravenswood Suite 231
                              Chicago, IL 60613
                              (773) 880-1260
                              fax (773) 880-1265
                              mcjessy@mcandt.com

                              /s/ Lindsy A. Wilkerson
                              Lindsy A. Wilkerson

Robert H. Brown
rbrown@lanermuchin.com
Lindsy A. Wilkerson (06281337)
lwilkerson@lanermuchin.com
Laner, Muchin, Dombrow, Becker,
  Levin and Tominberg, Ltd.
515 North State Street
Suite 2800
Chicago, Illinois 60610
(312) 467-9800
(312) 467-9479 (fax)